IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA SANCHEZ-BONILLA<br>Plaintiff<br>vs<br>ERIC K. SHINSEKI, Secretary, Department of Veterans Affairs<br>Defendant | CIVIL 11-1322CCC |

**OPINION AND ORDER**

María Sánchez-Bonilla (Sánchez) has filed this action pursuant to Title VII and Age Discrimination in Employment Act (ADEA) alleging age discrimination, a hostile work environment, and retaliation by her employer, the Department of Veterans Affairs, (the VA) for having filed a charge with the Equal Employment Opportunity Commission (EEOC). The case is now before us on the Motion for Judgment on the Pleadings Pursuant to Rule 12(c) and Motion to Dismiss Pursuant to Rule 12(b)(6) filed by defendant Eric K. Shinseki, Secretary of the VA (**docket entry 7**), which plaintiff opposed (docket entry 10).

**A.     Pleading Standards**

Under Fed. R. Cv. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While the rule does not require a detailed factual allegation, it does demand more than an unadorned, "the defendant-unlawfully-harmed-me" accusation. Iqbal v. Ashcroft, 129 S.Ct. 1937, 1949 (2009). A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Bell Atlantic v.

CIVIL 11-1322CCC                               2

Twombly, 550 U.S. 544, 570 (2008).  The court must be able to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id., at 556.

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility."

Iqbal, *supra*, at 1949.

The tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, doe not suffice.  Twombly, *supra*, at 555.

Section 1983 requires three elements for liability: deprivation of a right, a causal connection between the actor and the deprivation, and state action.  42 U.S.C. § 1983.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, at 1949.

We, thus, must conduct our analysis by first identifying the allegations of the complaint that are no more than legal conclusions, which are not to be considered, and then zero on the well-pleaded non-conclusory factual allegations to determine whether they, by itself, plausibly give rise to an entitlement to relief.

B.    **Factual Allegations**

Sánchez, who is over 50 years old, alleges in her complaint that she commenced working as a psychiatrist for the VA on September 2, 2000 as a staff physician practicing as a psychiatrist.  She contends that she was given only the institutional orientations given to all newly hired employees.  That is, she was not given a functional statement or position description of her duties or any training related to her job performance or execution of duties. She states that she was not aware of the required evaluations, competence assessment and specific service responsibilities, nor were the responsibilities and protocols for the Mental Health Clinic that she was supposed to implement explained to her.

CIVIL 11-1322CCC                              3

Sánchez further contends that her supervisor, Dr. Reyes-Rabanillo (Reyes), whom she avers is younger than 40 years old, was rude and uncooperative and, therefore, "[p]laintiff was forced to learn by experience the Agency's regulations and her expected duties." Complaint, at ¶15. Plaintiff further alleges that Reyes would demean her and her experience and reprimand her for allegedly failing to follow applicable regulations, impose changes in treatment for her patients and threaten her with the loss of her position. Sánchez avers that Reyes created a tense work environment, and that Reyes' action against her violated the state code of medical ethics. Reyes also allegedly gave her a lower evaluation purportedly based on patients' complaints without granting her an opportunity to reply, while other younger physicians under Reyes supervision were not reprimanded or placed on performance improvement plans.

Sánchez further contends that she was unjustly given an unsatisfactory performance rating and was placed on a performance improvement plan. On July 29, 2009, plaintiff received an email from Dr. Angie Zayas, that labeled plaintiff's professional conduct as worrisome. (¶36). Thereafter, plaintiff filed her EEOC complaint. After Reyes became the service chief, Zayas became her new supervisor. Zayas, too, allegedly gave her a negative evaluation. Plaintiff then filed a second EEOC charge.

**C.   Analysis**

Defendant contends that plaintiff cannot establish a *prima facie* case of age discrimination, and that defendant did not retaliate against plaintiff. As can be discerned from both the motion and the opposition, Sánchez' filed two charges with the EEOC: the first for age discrimination and hostile work environment and a second one for age discrimination and reprisal. In her opposition, Sánchez challenges defendant's conclusion that she fails

CIVIL 11-1322CCC                         4

to state a claim by identifying various actions which she contends are material adverse changes in the terms and conditions of her employment.[1]

A review of Sánchez' complaint reflects that she has stated factual allegations creating a hostile work environment. Also, she does alleges employment actions taken against her that could be considered adverse. Absent direct evidence of discrimination, which Sánchez has not averred, in order to plead a *prima facie* cause of action for age discrimination, she must show: (1) that she was at least forty years old when the events occurred; (2) that she was qualified for the position; (3) that she suffered an adverse employment action; and (4) that others similarly situated but outside the protected group received more favorable treatment. Mzyk v. North East Independent School District, 397 Fed. Appx. 13, 15 (5th Cir. 2010).

Plaintiff alleges that she was over 50 years at the time of the events. While she points to her years of experience as evidence of her qualifications, it is clear from her own allegations that there is an issue of fact as to her quality of her performance of her duties; most of the alleged adverse actions relate to her supervisor's poor opinion of her abilities and job performance. The acts alleged, such as placing her in a performance improvement plan, giving her an unsatisfactory performance appraisal and placing her in a Focused Professional Practice Evaluation, if unwarranted, could be considered by a jury as adverse employment actions. Sánchez has also averred that patients complained about other younger physicians under Reyes-Rabanillo's supervision, but these physicians were not

---

[1] In an effort to bolster in her opposition, instead of requesting to amend it, plaintiff has submitted five exhibits totaling 53 pages, including deposition testimony, in support of her opposition. These exhibits are STRICKEN. This is not a motion for summary judgment; it is a motion to dismiss, based on the pleadings alone. "[T]he Court is under no duty to exercise imagination and conjure what a plaintiff might have alleged, but did not, and do counsel's work for him or her. It is enough to view the basic complaint. In this instance the complaint failed to contain the allegations which plaintiff now wishes called to mind." Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990).

CIVIL 11-1322CCC                                        5

reprimanded and/or placed in performance improvement plans.  (¶24).  Therefore, plaintiff has stated the elements of an age discrimination claim.

With regard to the claim for retaliation, Sánchez states in her complaint that, after she filed her first EEOC charge, Zayas, as her new supervisor, gave her a negative evaluation using the same language used by Reyes (¶41), and as a consequence of filing the second EEOC charge, "her performance pay has been lowered even though she continues to have more than 600 patients and has to work long hours."  (¶44).

Plaintiff having stated claims and raised relevant issues of material fact which defeat disposition at this early procedural stage, defendant's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) and Motion to Dismiss Pursuant to Rule 12(b)(6) (**docket entry 7**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on January 18, 2012.


                                                            S/CARMEN CONSUELO CEREZO
                                                            United States District Judge