IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA SANCHEZ-BONILLA<br>Plaintiff<br>vs<br>ERIC K. SHINSEKI, Secretary, Department of Veterans Affairs<br>Defendant | CIVIL 11-1322CCC |

**OPINION AND ORDER**

Plaintiff, María Sánchez-Bonilla (Sánchez-Bonilla), alleges that she was a victim of age discrimination by her employer, the Department of Veterans Affairs, and that she was retaliated against after complaining of said discrimination with the Equal Employment Opportunity Commission (EEOC). Before the Court now is the Motion for Summary Judgment filed on June 26, 2012 by defendant Eric K. Shinseki, Secretary of the Department of Veterans Affairs (**docket entry 27**), together with his Statement of Uncontested Material Facts (docket entry 28) and Memorandum in Support (docket entry 29), plaintiff's Memorandum in Opposition filed on August 13, 2012 (docket entry 32) as well as her Opposition to Defendant's Statement of Uncontested Facts and Statement of Material Facts (docket entries 33 and 34), and defendant's Opposition to Plaintiff's Statement of Uncontested Material Facts filed on August 20, 2012 (docket entry 35).

The relevant facts, taken from the parties' respective Statements of Uncontested Material Facts (docket entries 28 and 33), follow: plaintiff Sánchez-Bonilla began to work at the Veteran's Administration Hospital (VAH) on September 2, 2008 as a staff psychiatrist. At the time, she was 49 years old. Dr. María Reyes-Rabanillo (Reyes), who at the time was 39 years old, was initially her direct supervisor. Dr. Angie Zayas (Zayas) became her supervisor in July 2009, at which time she was 50 years old.

CIVIL 11-1322CCC                                     2

Plaintiff claims that she had not worked for defendant before and was unaware of the specific requirements for the performance of her duties.  Upon being hired, she was not assigned any mentor.

The parties are not in agreement on whether plaintiff was ever placed on a Focused Professional Practice Evaluation (FPPE).  An FPPE evaluation, as described by both parties, is a process through which the facility evaluates the privilege-specific competence of a medical practitioner who does not have documented evidence of competently performing the requested privileges.  Defendant avers that plaintiff was initially placed on a FPPE upon her hiring in September 2008 until March 2009, which was extended for one more month until April 2009, and that following her unsatisfactory rating in the April 2009 FPPE she was then placed on a Performance Improvement Plan (PIP) together with another FPPE which extended from May 1, 2009 through August 1, 2009.  Plaintiff, however, contends that because the hospital bylaws did not contemplate evaluations using the FPPE method, she was not placed on a FPPE when she commenced to work at the VAH nor at any time before May 2009.  Both parties do agree that she was placed in a PIP, which plaintiff claimed was notified to her on April 30, 2009 by Dr. Reyes during a meeting in which they discussed her "mid-term evaluation" which graded her performance as unsatisfactory. The PIP itself, according to plaintiff, began on May 13, 2009, but she avers having never received the criteria for the PIP.  Plaintiff's impression was that she remained on the PIP until the end of July 2009.  Nonetheless, on October 26, 2010, Dr. Zayas issued an evaluation on plaintiff's performance for the period from October 2009 until September 2010, rating it satisfactory, and indicating that she was still on the PIP.  Plaintiff also accepts having been placed on a  FPPE from May 1, 2009 to August 1, 2009 due to areas of concern in clinical competence and personal qualities, for which she received an overall rating of Fully Satisfactory at its completion.

CIVIL 11-1322CCC                                              3

On October 13, 2009, plaintiff filed a complaint of employment discrimination before the EEOC alleging that she was subjected to hostile work environment and harassment on the basis of age, which was dismissed by said agency on November 22, 2010 for her failure to establish that she had been discriminated against.  On November 30, 2010, plaintiff filed a second complaint of employment discrimination before the EEOC, which said agency dismissed on June 16, 2011 as plaintiff had already filed this lawsuit on April 6, 2011.

Plaintiff asserts that the relationship with her supervisor, Dr. Zayas, was "distant, somewhat absent and/or indifferent" and that Dr. Zayas was "condescending and/or patronizing" with her. See Plaintiff's SUMF (ee) (docket entry 33), at p. 12.  Plaintiff claims in her SUMF that she was "treated differently than Dr. Ducodray," and states that she felt that Dr. Zayas' "distant attitude towards her [was] a form of harassment."  Plaintiff's SUMF (nn).  She also avers that "[s]he was retaliated by both Reyes and Zayas who were her supervisors during her first EEO" because her "evaluation was not discussed." Plaintiff's SUMF (ll).  She further claims that Dr. Zayas disagreed with her on a note she had made on a patient's record, and told her not to add anything to a patient's record.  Plaintiff's SUMF (pp).

Plaintiff's salary at the VAH since her hiring in 2008 has been as follows: 2008 - $160,000.00, 2009 - $162,721, 2010 - $168,794.00, and in 2012 - $181,619.00.

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a).  We must take the record evidence in the light most favorable to plaintiff, and draw all reasonable inferences in her favor. Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 779–80 (1st Cir. 2011).  Still, "[a] properly supported motion for summary judgment cannot be defeated by relying upon conclusory allegations, improbable references, acrimonious invective, or rank speculation."  Ahern v. Shinseki, 629 F.3d 49, 54 (1st Cir. 2010).

CIVIL 11-1322CCC                                       4

Under the so-called federal sector provision of the Age Discrimination in Employment Act (ADEA), "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a) (emphasis added). The Court of Appeals in Velázquez-Ortiz v. Vilsack, 657 F.3d 64 (1st Cir. 2011) left open the question of whether, under this provision, a "but for" or a "mixed motive" burden of proof is required from plaintiff in order for her to survive summary judgment. Under a "but for" analysis, plaintiff would be required to show that age was the "but-for" cause of the employer's adverse action. Under the less rigorous "mixed motive" framework, plaintiff must show that the adverse employment action she suffered was caused at least in part by her age. Other circuits have applied the "mixed motive" burden to the federal sector provision. See e.g. Ford v. Mabus, 629 F.3d 198, 204-06 (D.C. Cir. 2010).

Even applying the "mixed motive" framework to plaintiff's ADEA claim, she fails to meet its burden. In a "mixed-motive" case, a plaintiff has to first establish that age was a motivating factor for the employer's actions. Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 129 S.Ct. 2343, 2347 (2009). The evidence on record, however, is devoid of such a fact. All that such evidence establishes is that, since plaintiff's hiring in 2008, her job performance had been closely monitored and constantly evaluated, yet nothing in that evidence serves to indicate that this conduct by defendant's supervisors was at all motivated by her age. To so conclude, as plaintiff so haphazardly and hastily does, would require us to engage in sheer speculation and would constitute an improvident adoption of her own conclusory allegations. Suffice it to say that the main allegation originally included in the complaint which motivated the Court to deny defendant's motion for judgment on the pleadings - that "[p]atients also complained about other younger physicians under Reyes' supervision but these physicians were not reprimanded and/or placed in Performance Improvement Plans" (Complaint, p. 5, ¶ 24) - has fizzled from the summary judgment record. Although plaintiff

CIVIL 11-1322CCC                                5

has now claimed in her SUMF that she was "treated differently than Dr. Ducodray," her age is unknown to us.   Indeed, the only evidence as to age that remains in the summary judgment record is that plaintiff was over the protected age, but so was one of her supervisors (Zayas) and the other (Reyes) was about to reach that age also.  On the record, there is simply no basis to infer that any of the adverse acts attributed by plaintiff to her employer were motivated by age animus.  Without such evidence, her ADEA core claim fails as a matter of law.

As for plaintiff's retaliation claim under the ADEA, she must first establish a *prima facie* case that covers three elements:  (1) that she engaged in protected activity; (2) that she suffered a materially adverse employment action, causing "harm, either inside or outside of the workplace;" and (3) the adverse action was causally connected to the protected activity.  Gómez-Pérez v. Potter, 452 Fed. Appx. 3, 4 (1st Cir. 2011) (quoting Mariani-Colón v. Dep't of Homeland Sec. ex rel. Chertoff, 511 F.3d 216, 223 (1st Cir. 2007)).  Plaintiff clearly engaged in protected activity when she filed her age discrimination complaint with the EEOC on October 13, 2009.  What she has utterly failed to establish is that, as a result of said filing, she suffered a materially adverse employment action.

> Examples of adverse employment actions include "demotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative job evaluations, and toleration of harassment by other employees." Marrero v. Goya of P.R., Inc., 304 F.3d 7, 23 (1st Cir. 2002) (internal quotation marks omitted). Neither extreme supervision and snubbing . . . nor increased criticism . . . will satisfy the adverse employment action prong.

Gómez-Pérez, at p. 4 (some citations omitted).

The salient acts of retaliation which plaintiff has described in her statement of uncontested facts were the failure by both Reyes and Zayas to discuss an evaluation with her, and Zayas' disagreement with a note which she placed on a patient's record.  These are but instances of snubbing and increased criticism that, as expressly noted in Gómez-Pérez, fail to meet the adverse action prong.  The additional act of retaliation that she specifically alleged in her complaint - that her salary was lowered - was specifically

CIVIL 11-1322CCC                                        6

disproved by defendant as part of the summary judgment record.   Plaintiff having failed to state a *prima facie* case for retaliation, this dooms her remaining claim under the ADEA.

We need go no further.  Plaintiff having failed to establish that age was partly to blame for her employer's actions and that she suffered a materially adverse employment action in retaliation for having filed a claim before the EEOC, it necessarily follows that defendant is entitled to summary judgment on both the age discrimination and retaliation claims.

A final caveat. While plaintiff's complaint, aside from the ADEA, also invoked Title VII and the federal Constitution, no specific claims were made under either of these two provisions.  Only allegations of age discrimination were included in her complaint.  "The ADEA provides the exclusive federal remedy for age discrimination in employment." Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003).  Thus, to the extent that any age discrimination claims were asserted under either Title VII or the Constitution, they are summarily DISMISSED.

Accordingly, judgment shall be entered DISMISSING plaintiff's complaint, with prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on January 31, 2013.


                                                                S/CARMEN CONSUELO CEREZO
                                                                United States District Judge